UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PROSPAY, INC.,**

  **Plaintiff,**

  v.

**CARDX, LLC,**

  **Defendant.**

Case No. 2:25-cv-0140
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on Defendant CardX, LLC's Motion to Dismiss. (ECF No. 8.) Plaintiff Prospay, Inc. responded in opposition (ECF No. 20) and CardX replied in support (ECF No. 24). For the reasons set forth below, the Court **GRANTS** CardX's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Prospay's federal misappropriation of trade secrets claim brought under the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*). The Court declines to exercise supplemental jurisdiction over Prospay's remaining state-law claims under 28 U.S.C. § 1367 and **DISMISSES WITHOUT PREJUDICE** those claims. The Court **DENIES AS MOOT** CardX's Request for Judicial Notice in Support of Motion to Dismiss. (ECF No. 9.)

**BACKGROUND**

**I. Procedural History**

Plaintiff Prospay, Inc. filed suit against Defendant CardX, LLC in state court (Franklin County Court of Common Pleas) and asserted claims for breach of contract, negligence, tortious interference, conversion, misappropriation of trade secrets under Ohio and federal law, and declaratory judgment. (ECF No. 1-1.) CardX removed the action to this Court pursuant to 28 U.S.C. § 1441(a) asserting that the misappropriation of trade secrets claim Prospay brings under

the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*) creates federal question jurisdiction. (ECF No. 1, ¶¶ 6, 11–12.)

**II. Factual Background**

The Court sets forth the factual background relevant to Prospay's federal claim as that is the claim substantively analyzed in this Opinion and Order.

In 2018, Prospay and CardX entered into a Sales Partner Agreement ("SPA"). (ECF No. 5, ¶ 9.) Under the SPA, Prospay locates customers (also referred to as merchants) in need of technology to process credit card payments and sells CardX's software to those customers. (*Id.* ¶¶ 7–11, 14, 18.) Prospay (not CardX) enters into contracts with merchants, but prospective merchants must (1) be approved by CardX and (2) submit CardX's client application, which governs the rights between CardX and merchants. (*Id.* ¶¶ 15–17.) Merchants pay fees to Prospay and Prospay retains a percentage of those fees before transmitting the rest to CardX. (*Id.* ¶¶ 20–24.) Under the SPA, Prospay owns the accounts, agreements, records, and documentation for each merchant. (*Id.* ¶¶ 25–26.) Upon termination of the SPA, CardX must continue paying commissions to Prospay for merchants who continue using CardX's technology. (*Id.* ¶ 27.)

The SPA includes a confidentiality clause. (*Id.* ¶ 12.) The confidentiality clause does not mention merchants explicitly, but Prospay contends that the clause protects merchants' identities and the terms of Prospay's business relationships with merchants. (*Id.*; *see* ECF No. 8-1, PageID 111–12.) Prospay also claims to spend money and effort on keeping its merchants' identities secret. (ECF No. 5, ¶ 13.) Prospay argues that these confidentiality measures prevent CardX from using merchant information for any reason other than performing its obligations under the SPA. (*See id.* ¶¶ 12–13.)

Prospay contends that CardX stole one of its merchants ("Merchant A") by secretly

communicating with Merchant A to cut Prospay out of the business relationship. (*Id.* ¶¶ 1, 47.) Allegedly, CardX offered to cover hundreds of thousands of dollars in transaction fees that Merchant A incurred from CardX's coding error if Merchant A agreed to terminate its contract with Prospay and use CardX's processing services instead of those provided by Prospay. (*Id.* ¶¶ 35–36, 56.) Before this proposition, Merchant A used Prospay's processing services and CardX's software. (*See id.* ¶ 50.) But CardX had recently become equipped to provide processing services to merchants following its acquisition by another company (Stax Payments). (*Id.* ¶¶ 28, 31–32.) CardX notified Prospay that Merchant A would be cancelling its contract with Prospay to do business with CardX exclusively. (*Id.* ¶¶ 49–50.) Prospay alleges that this conduct caused it to lose hundreds of thousands of dollars to date and will ultimately cause it to lose millions of dollars. (*Id.* ¶ 55.)

## LEGAL STANDARD

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take of all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual

3

allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## ANALYSIS

### I. Federal Misappropriation of Trade Secrets Claim

Prospay brings one federal claim against CardX, namely, for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA," 18 U.S.C. § 1836, *et seq.*) related to Merchant A. (ECF No. 5, Count V.) To prove trade secret misappropriation under the DTSA, Prospay must show (1) the existence of a protectable trade secret and (2) misappropriation of the trade secret. *Presidio, Inc. v. People Driven Tech., Inc.*, 686 F. Supp. 3d 652, 682–83 (S.D. Ohio 2023).

Broadly speaking, "trade secrets" under the DTSA refer to information that the owner "has taken reasonable measures" to keep secret and that "derives independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3). The DTSA defines misappropriation as either acquisition of a trade secret by someone "who knows or has reason to know that the trade secret was acquired by improper means," or disclosure or use of a trade secret without consent by someone who acquired it through improper means or knew or had reason to know that her knowledge of the trade secret came about from improper means or in violation of a duty to keep it secret. *See* 18 U.S.C. § 1839(5).

CardX argues that Prospay failed to allege a federal misappropriation of trade secrets claim for multiple reasons. First, CardX contends that the identity of one customer, which is the information Prospay argues CardX misappropriated, does not constitute a trade secret under the DTSA. (ECF No. 8, PageID 101–02; ECF No. 24, PageID 322–23.) Second, CardX argues that Prospay did not take reasonable and adequate measures to protect its customers' identities because

4

Prospay advertised its merchants online and failed to include merchant identity in the "confidential information" section of the SPA. (ECF No. 8, PageID 101–02; ECF No. 24, PageID 322.) Third, CardX claims that its conduct does not constitute misappropriation because it had an independent contractual relationship with Merchant A. (ECF No. 8, PageID 101–02; ECF No. 24, PageID 322.)

Prospay makes several points in response. First, Prospay argues that customer lists are protectable trade secrets. (ECF No. 20, PageID 285.) Second, Prospay states that it advertises a small subset of clients online, but does not do so with respect to Merchant A. (*Id.*, PageID 284.) Third, Prospay contends that CardX would not have known about Merchant A but for Prospay locating and contracting with Merchant A initially. (*Id.*, PageID 285.)

Prospay has failed to identify a trade secret that qualifies for protection under the DTSA. Prospay asserts that courts in Ohio and the Sixth Circuit recognize customer lists as protectable trade secrets. (ECF No. 20, PageID 285.) While that may be true, Prospay did not allege that CardX misappropriated a customer list. Instead, the Complaint alleges that CardX poached a single customer from Prospay. (ECF No. 5, ¶¶ 1, 89.) The identity of a single merchant does not constitute a trade secret. Rather, it is the "*compilation* of [contact] information for a large group of customers that gives rise to a protectable trade secret." *Total Quality Logistics, LLC v. EDA Logistics LLC*, 685 F. Supp. 3d 563, 577 (S.D. Ohio 2023) (Cole, J.), *aff'd*, No. 23-3713, 2024 WL 4372312 (6th Cir. Oct. 2, 2024) (concluding that defendant did not violate Ohio's Uniform Trade Secrets Act (which defines trade secret similarly to the DTSA) by taking telephone numbers and contact names for a few customers from his employer); *Legacy Roofing Servs. LLC v. Fusco*, 710 F. Supp. 3d 553, 569 (N.D. Ohio 2024) ("While courts have found that customer lists can be trade secrets, that only applies to large compilations of customer contacts. Small or scattered amounts of customer contact information are not a trade secret since such information is readily

5

ascertainable through public research."); *McNeely v. Second Jud. Dist. Ct. in and for Cnty. of Washoe*, No. 86559, 2024 WL 1633749, at *1 (Nev. Apr. 15, 2024) (holding that "a single client's identity does not fall within the definition of a trade secret" under Nevada's Uniform Trade Secrets Act, which defines trade secret similarly to the DTSA); *Multifab, Inc. v. Zweiger*, No. C19-6164 BHS, 2020 U.S. Dist. LEXIS 90515, at *13 (W.D. Wash. May 22, 2020) (dismissing DTCA claim where a supplier solicited a distributor's customer and the customer began to purchase goods directly from the supplier instead of through the distributor). No such compilation is at issue here—just Merchant A.

The one "trade secret" that Prospay identifies with specificity in its Complaint is the identity of a single merchant, which, as discussed above, is not protected by the DTCA. The Complaint also includes a few general assertions about trade secrets that are insufficient to plead a DTCA claim. For example, Prospay alleges that "[b]y operation of the [SPA], Defendant was exposed to and gained access to Plaintiff's confidential and proprietary information, which constitutes trade secret information under state and federal law." (ECF No. 5, ¶ 87.) But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Indeed, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, the Court concludes that Prospay's allegations in support of its DTCA claim are either (1) related to the identity of Merchant A, which is not a trade secret, or (2) threadbare recitals of DTCA elements insufficient to survive a motion to dismiss.

Prospay's Complaint does not plausibly allege a misappropriation of trade secrets claim under the DTSA. Accordingly, CardX's Motion to Dismiss is **GRANTED** as to Prospay's DTSA

claim in Count V of the Complaint.  Of course, this is not to say that Prospay has no relief when it comes to CardX's conduct.  Prospay alleged several state-law claims that may prove meritorious.  The Court simply concludes that Prospay failed to properly plead a DTCA claim.

## II. CardX's Request for Judicial Notice in Support of Motion to Dismiss

CardX filed a request for judicial notice in support of its Motion to Dismiss.  (ECF No. 9.) CardX asks this Court to take judicial notice of Prospay's website.  (*Id.*)  CardX contends that Prospay advertises its merchants online, which demonstrates that Prospay does not take reasonable or adequate measures to keep that information confidential and undermines its misappropriation of trade secrets claim.  (*Id.*)  In response, Prospay asks the Court to either (1) deny CardX's request for judicial notice because Prospay did not advertise Merchant A on its website or (2) convert CardX's motion to dismiss into a motion for summary judgment so that Prospay may refute the information on its website with evidence and testimony developed during discovery.  (ECF No. 21.)

As discussed above, Prospay failed to plausibly allege a DTSA claim because the identity of one customer does not constitute a trade secret.  While the measures a plaintiff undertakes to keep its trade secrets confidential are often relevant to DTSA analyses, here, they would not change the Court's decision.  Regardless of whether Prospay kept Merchant A's identity secret or advertised it online, the Court would dismiss Prospay's DTSA claim because one customer does not qualify as a trade secret.  Accordingly, the Court **DENIES AS MOOT** CardX's Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 9).

## III. State Law Claims

In addition to its federal claim, Prospay brings state-law claims for breach of contract (Count I), negligence (Count II), tortious interference (Count III), conversion (Count IV),

7

misappropriation of trade secrets under the Ohio Uniform Trade Secrets Act (R.C. 1333.61, *et seq.*) (Count V), and declaratory judgment (Count VI). (ECF No. 5, ¶¶ 57–99.) A federal court may exercise supplemental jurisdiction over state-law claims that constitute part of the same case or controversy as the claim over which the court has original jurisdiction. 28 U.S.C. § 1367. But a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original federal jurisdiction. *Id.* § 1367(c)(3).

"In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). But "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plantiff's federal-law claims should not ordinarily reach the plaintiff's state law claims.").

Prospay's federal claim is dismissed and Prospay's state-law claims do not implicate significant federal interests that warrant the exercise of federal jurisdiction. The values of economy, convenience, fairness, and comity combine to make it appropriate for a state court to exercise jurisdiction over Prospay's remaining allegations. The Court therefore declines to "needlessly decid[e] state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Since the Court

8

declines to exercise supplemental jurisdiction, Prospay's state-law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** CardX's Motion to Dismiss (ECF No. 8). The Court **DISMISSES WITH PREJUDICE** Plaintiff's federal misappropriation of trade secrets claim brought under the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*). The Court declines to exercise supplemental jurisdiction over Prospay's remaining state-law claims under 28 U.S.C. § 1367 and **DISMISSES WITHOUT PREJUDICE** those claims. The Court **DENIES AS MOOT** CardX's Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 9).

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

**9/25/2025**                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**